SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6809
    Facsimile: (415) 436-7234
    E-mail: wendy.thomas@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM H. SPIKER,<br><br>    Defendant. | No. CR 07-0462 MAG<br><br>UNITED STATES' MOTION IN LIMINE TO ADMIT DEFENDANT'S PRIOR CONVICTIONS FOR IMPEACHMENT UNDER FED. R. EVID. 609<br><br>Hearing:  November 13, 2007<br>Time:      8:30 a.m.<br>Court:     Hon. Joseph C. Spero |

The defendant has one prior felony conviction which is relevant to the defendant's ability to testify truthfully and should be admitted to impeach the defendant should he testify at trial.[1]

**I. PRIOR FELONY CONVICTION**

The defendant has been convicted of the following felony:

- September 23, 1993 conviction in Santa Cruz Superior Court for driving while under the influence of alcohol and/or drugs with three prior convictions for driving while under the influence, in violation of California Vehicle 23152(A) (Case No. 43-05566), for which the defendant was sentenced to a two-year prison

---

[1] In a separate motion, the government moves for admission of this conviction pursuant to Fed. R. Evid. 404(b). If this conviction is admitted under Rule 404(b), they should also be admitted under Rule 609. *See United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir. 1997).

U.S. MOT. TO ADMIT DEF. PRIOR
CONVICTION UNDER FED. R. EVID. 609      1

term.

If the defendant testifies at trial, the government seeks to impeach the defendant by offering evidence of this prior felony conviction by the defendant.

**II. FEDERAL RULE OF EVIDENCE 609**

Federal Rule of Evidence, Rule 609(a)(1) provides in pertinent part:

> For the purpose of attacking the character for truthfulness of a witness, . . . evidence that an accused has been convicted of [a crime punishable by death or imprisonment in excess of more than 1 year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs the prejudicial effect to the accused.

The Ninth Circuit has set forth five factors to be considered in balancing the probative value of a prior conviction against its prejudicial effect for purposes of Rule 609(a)(1): (1) the impeachment value of the prior crime; (2) the point in time of conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. *United States v. Browne,* 829 F.2d 760, 762-63 (9th Cir. 1987).

**A. Impeachment value of prior crimes.**

Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully. *United States v. Lipscomb,* 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc) (concluding that Congress believed that all felonies have some probative value on the issue of credibility); *United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir. 1997); *United States v. Alexander,* 48 F.3d 1477, 1488 (9th Cir. 1994). As such, the defendant's prior felony conviction adds value to the Court's evaluation of defendant's propensity for truthfulness. Thus, this factor weighs in favor of admissibility.

**B. Point in time of conviction and defendant's subsequent history.**

Though the defendant's prior felony conviction is more than ten years old, it may be admitted if "the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." *See* Fed. R. Evid. 609(b). Furthermore, the time period for relevant convictions is calculated at ten years or the date of release on the conviction, "whichever is the later date".

Fed. R. Evid. 609(b).  Here, the Santa Cruz District Attorney's Office filed a criminal Complaint against the defendant on July 19, 1993, and thereafter filed an Information against the defendant on August 16, 1993.  *See* Exhibit 1 (Complaint) and Exhibit 2 (Information).  The defendant was arraigned on the Information on August 16, 1993, and subsequently pled guilty to Count One of the Information on September 23, 1993.  *See* Exhibit 3 (Arraignment Minutes) and Exhibit 4 (Abstract of Judgment).  The defendant was sentenced to two years in prison, with credit for 102 days served, which would have placed his release from prison sometime around November of 1994 (assuming he received a one-third reduction in his sentence for good behavior).  *See* Exhibit 5 (Sentencing Minutes).  Moreover, one of the conditions of the defendant's sentence was the suspension of his driver's license for four years.  *See* Exhibits 4 and 5.   Therefore, the conditions of the defendant's sentence did not expire until September 23, 1997.  The arrest in this case took place on October 26, 2006, which places it within ten years of the expiration of conditions on the defendant's 1993 felony conviction.  Thus, whether this factor weighs in favor of admissibility depends on when the Court finds the defendant was "released" on the conviction.

**C. Similarity between past and charged crimes.**

Defendant's prior felony conviction for driving under the influence of alcohol is substantively identical to the charges in this case.  But the Ninth Circuit has held that a prior conviction *is not inadmissible per se* merely because the offense involved is identical to the offense for which the defendant is now on trial.  *Alexander,* 48 F.3d at 1488 (prior bank robbery conviction not inadmissable per se, merely because the defendant was now on trial for bank robbery).  "What matters is the balance of all five factors."  *Id*.

Here, the similarity of the defendant's prior felony conviction to the instant case makes the prior conviction more probative on the issue of whether defendant's testimony is truthful, particularly if defendant testifies in his own defense that his being under the influence was a mistake.  Here, defendant's prior conviction for driving while under the influence is not only *valuable* to give the court a comprehensive view of the trustworthiness of the defendant as a witness, it is *necessary* to permit the Court to make an accurate assessment of his

1 trustworthiness. Thus, while this factor may not weigh in favor of admissibility, taking into
2 consideration the balancing of the five factors, it should not preclude admissibility.

3 **D. and E. Importance of testimony/centrality of defendant's credibility.**

4 The Ninth Circuit has stated that "[w]hen a defendant takes the stand and denies having
5 committed the charged offense, he places his credibility directly at issue." *Alexander*, 48 F.3d at
6 1489. As in most criminal cases, the United States does not know what the defendant will say at
7 trial, or if he will testify at all. It is difficult to imagine any circumstance, however, in which the
8 defendant would elect to testify and not make exculpatory statements which place his credibility
9 directly at issue.

10 The importance of putting defendant's testimony in the proper light for the Court to consider
11 cannot be overstated. If the defendant testifies and the United States is not permitted to impeach
12 him with his prior felony conviction, the Court could be left with a false impression about
13 defendant's trustworthiness as a testifying witness.

14 Defendant has a substantial criminal history. In addition to the felony conviction, defendant
15 has multiple misdemeanor convictions. Permitting defendant to testify without impeachment by
16 his prior felony conviction dresses him in a cloak of credibility. Thus, the fourth and fifth
17 factors weigh in favor of admissibility.

18 **III. CONCLUSION**

19 The United States respectfully submits that upon consideration of these five factors, the
20 probative value of defendant's prior conviction substantially outweighs any prejudicial effect.
21 Moreover, the prejudice of admission of the prior convictions is not overwhelming. Any such
22 prejudice can be moderated by the Court's judgment.
23 //
24 //
25 //
26 //
27 //
28 //

For the foregoing reasons, the United States respectfully requests that the Court grant the United States' Motion in Limine to Admit Prior Convictions for Impeachment Under Fed. R. Evid. 609(a).

DATED: October 29, 2007

                                    Respectfully submitted,

                                    SCOTT N. SCHOOLS
                                    United States Attorney

                                    /s/ Wendy Thomas
                                    WENDY THOMAS
                                    Special Assistant United States Attorney