1  SCOTT N. SCHOOLS (SCBN 9990)
   United States Attorney

2

3  BRIAN J. STRETCH (CABN 163973)
   Chief, Criminal Division

4  WENDY THOMAS (NYBN 4315420)
   Special Assistant United States Attorney

5
      450 Golden Gate Avenue, Box 36055
6     San Francisco, California 94102
      Telephone: (415) 436-6809
7     Facsimile: (415) 436-7234
      E-mail: wendy.thomas@usdoj.gov

8  Attorneys for Plaintiff

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                       SAN FRANCISCO DIVISION

13
   UNITED STATES OF AMERICA,        )    No. CR 07-0462 MAG
14                                   )
         Plaintiff,                  )    UNITED STATES' MOTION IN LIMINE
15                                   )    TO ADMIT EVIDENCE OF OTHER
       v.                            )    CRIMES, WRONGS, OR ACTS
16                                   )    PURSUANT TO FED. R. EVID. 404(b)
   WILLIAM H. SPIKER,                )
17                                   )    Trial:      November 13, 2007
         Defendant.                  )    Time:       8:30 a.m.
18                                   )    Court:      Hon. Joseph C. Spero
                                     )
19 _____  )

20
        The following prior crimes, wrongs, or bad acts of the defendant are admissible under
21
   Federal Rule of Evidence 404(b) to show intent, identity and absence of mistake.[1]
22
        •       September 23, 1993 conviction in Santa Cruz Superior Court for driving while
23              under the influence of alcohol and/or drugs with three prior convictions for
                driving while under the influence, in violation of California Vehicle 23152(A)
24

25        [1] The government will not seek to introduce any other 404(b) evidence in its case-in-
26 chief, though it reserves the right to seek admission of defendant's crimes, wrongs, or acts which
   become relevant during the trial to rebut defendant's case.  In a separate motion, the government
27 moves for admission of defendant's conviction for felony driving while under the influence
   pursuant to Fed. R. Evid. 609(a)(1).  If  this conviction is admitted under Rule 609(a)(1), it
28 should also be admitted for purposes of Rule 404(b). *See United States v. Cordoba*, 104 F.3d
   225, 229 (9th Cir. 1997).

   U.S. MOT. IN LIM. TO ADMIT
   EVID. UNDER FED. R. EVID. 404(b)              1

**1**  (Case No. 43-05566), for which the defendant was sentenced to a two-year prison term.

**2**

**3**  • January 4, 2007 conviction in San Francisco Superior Court for reckless driving, in violation of California Vehicle Code 23103.

**4**  **I.  ADMISSIBILITY OF EVIDENCE UNDER RULE 404(b)**

**5**  Federal Rule of Evidence 404(b) provides in pertinent part:

**6**  Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

**7**

**8**

**9**  Evidence is admissible under Rule 404(b) if four elements are satisfied:  (1) it must be

**10**  offered to prove a material element of the offense for which defendant is now charged; (2) if the

**11**  prior conduct is offered to prove intent, it must be similar to the charged conduct; (3) proof of

**12**  the prior conduct must be based on sufficient evidence; and (4) the prior conduct must not be too

**13**  remote in time.  *See, e.g., United States v. Howell*, 231 F.3d 615, 628 (9th Cir. 2000); *United*

**14**  *States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993).  When these four elements are

**15**  satisfied, the court then balances the probative value of the evidence against any prejudicial

**16**  effect.  *Howell*, 231 F.3d at 629; *Arambula-Ruiz*, 987 F.2d at 604.  To be excluded under Rule

**17**  403, the evidence must be unfairly prejudicial and substantially outweigh the probative value of

**18**  the evidence.  *See* Fed. R. Evid. 403; *see also Arambula-Ruiz*, 987 F.2d at 604.

**19**  The law is clear that Rule 404(b) is a rule of inclusion.  *United States v. Jackson*, 84 F.3d

**20**  1154, 1159 (9th Cir. 1996).  "Unless the evidence of other crimes tends only to prove propensity,

**21**  it is admissible."  *Id.*  Thus, evidence of prior bad acts is admissible "except where it tends to

**22**  prove *only* criminal disposition."  *United States v. Rocha*, 553 F.2d 615, 616 (9th Cir. 1977)

**23**  (emphasis in original).

**24**  Here, the evidence offered as to defendant's prior convictions for driving while under the

**25**  influence of alcohol and reckless driving passes at least three out of the four factors, and its

**26**  prejudicial effect does not substantially outweigh its probative value.

**27**  **II.  ANALYSIS**

**28**  Evidence of defendant's prior conduct is admissible to show intent, identity and absence of

U.S. MOT. IN LIM. TO ADMIT
EVID. UNDER FED. R. EVID. 404(b)        2

1   mistake.  Regardless of whether the defendant disputes the charges on grounds of identity or

2   mistake, the government may still offer evidence on these grounds in light of its burden beyond a

3   reasonable doubt.  *See, e.g., United States v. Nelson*, 137 F.3d 1094, 1107 (9th Cir. 1998) (noting

4   defendant's state of mind is relevant even though it was not a disputed issue in the case), *cert*

5   *denied*, 525 U.S. 901 (1998).  The prior conviction is particularly relevant in the event the

6   defendant alleges that because he was on prescription medication he was unaware of the amount

7   of alcohol he was consuming and that his driving under the influence was therefore a mistake.  It

8   is material to this case that the defendant's conduct was not a mistake.

9       There is a scarcity of federal precedent involving cases where driving under the influence is

10  charged, but the issue has been raised in the State of California.  In *United States v. Ortiz*,

11  defendant was charged with second degree murder after a vehicle collision resulted in the death

12  of several individuals.  *United States v. Ortiz*, 109 Cal.App.4th 104 (Cal.App.1.Dist. 2003).  The

13  government sought the admission of defendant's prior convictions for driving while under the

14  influence and reckless driving.  The Court found the prior convictions admissible because it

15  tended to establish a subjective awareness on  the part of defendant of the disastrous

16  consequences that can follow in the wake of recklessly operating a motor vehicle on a public

17  highway.  *Ortiz*, at 116.  In this case, defendant's criminal history and his subsequent failure to

18  conform his conduct to statutory norms is relevant because it reflects actions done with a

19  subjective awareness of danger greater than that of other drivers, and a willingness to commit the

20  acts anyway.

21      The admissibility of prior incidents is also based, at least in part, upon the fact that the prior

22  incidents resulted in compulsory attendance at educational or rehabilitation programs. (*See, e.g.,*

23  *People v. Murray,* 225 Cal.App.3d 734, 746 (Cal.App.2d Dist. 1990); *People v. Brogna*, 202 Cal.

24  App. 3d 700, 705 (Cal.App.2d Dist. 1988)*; People v. McCarnes*, 179 Cal. App. 3d 525, 532

25  (Cal.App.4th Dist. 1986)).  Such attendance supports the inference that the defendant learned

26  from these programs about the risks of driving recklessly or while intoxicated. (*See, e.g., ibid.*).

27  This would serve to rebut any argument that the defendant's intoxication was a mistake.  Having

28  previously attended educational rehabilitation programs, the defendant is on notice of the

U.S. MOT. IN LIM. TO ADMIT
EVID. UNDER FED. R. EVID. 404(b)                    3

1 disastrous consequences of driving while under the influence of alcohol.  Since the defendant's

2 prior convictions are particularly relevant to prove an absence of mistake, the first element is

3 satisfied.

4      The second element, similarity, is only required in cases where conduct is offered to prove

5 intent or identity.  *Arambula-Ruiz*, 987 F.2d at 603.  Here, the prior conviction for driving while

6 under the influence is substantively identical to the pending charge of driving while under the

7 influence of alcohol.  The 2007 conviction for reckless driving is substantially similar to the

8 conduct in this case.  Thus, the second element is satisfied.

9      The United States intends to provide proof of the defendant's prior conduct based on

10 certified records of conviction.  Thus, the third element of admissibility is satisfied because the

11 defendant's prior conduct resulted in convictions for driving while under the influence and

12 reckless driving.  A conviction by itself is sufficient proof of the prior conduct.  *Howell*, 231

13 F.3d at 628-29.

14      As to the fourth element, that of recency, this element does not weigh in favor of

15 admissibility with regard to the 1993 felony conviction.  The prior conviction for felony driving

16 while under the influence occurred approximately fourteen years ago.  The element of recency

17 does weigh in favor of the admissibility of the 2007 reckless driving conviction, which took

18 place earlier this year.  Moreover, the conduct that led to the defendant's arrest in the 2007

19 reckless driving case took place after the defendant had been arrested in this case.  Courts have

20 determined that convictions stemming from a number of years ago are not too remote under Rule

21 404(b).  *See, e.g.*, *id.* at 629 (six years not too remote); *Arambula-Ruiz*, 987 F.2d at 604 (five

22 years not too remote).  In sum, an analysis of the four factors of admissibility under Rule 404(b)

23 dictates that the Court should admit evidence of defendant's prior felony 1993 conviction for

24 driving while under the influence and 2007 reckless driving conviction.

25 **III.  ADMISSIBILITY OF EVIDENCE UNDER RULE 403**

26      Rule 403 of the Federal Rules of Evidence requires the exclusion of evidence only where its

27 "probative value is substantially outweighed by the danger of unfair prejudice."  Unfair prejudice

28 is found only where the evidence "provokes an emotional response in the jury or otherwise tends

U.S. MOT. IN LIM. TO ADMIT
EVID. UNDER FED. R. EVID. 404(b)                4

1    to affect adversely the jury's attitutde toward the defendant wholly apart from its judgment as to

2    his guilt or innocence of the crime charged." *United States v. Bailleaux*, 685 F.2d 1105, 1111

3    (9th Cir. 1982).  Evidence is *not* unfairly prejudicial simply because it tends to convince the jury

4    of the defendant's guilt; it is only when the evidence moves the jury on a basis unrelated to the

5    merits of the case that it is unfairly prejudicial.[2]  In determining the probative value of the

6    evidence, the Court must consider not only the logical inferences that the evidence will support,

7    but also the actual "need for evidence of prior criminal conduct to prove a particular point." *Id.*

8    at 1112.  The court must then balance the probative value against the danger of unfair prejudice,

9    but can exclude the evidence only when prejudice *substantially* outweighs any probative value.

10   *Id.* at 1111-12, n.2; *Arambula-Ruiz*, 987 F.2d at 602.

11       In this case, based on defendant's conduct and similarities between his prior conviction and

12   the conduct charged in this case, evidence of his prior conviction for driving while under the

13   influence rebuts any defense that defendant's conduct was a mistake.

14   **IV.  CONCLUSION**

15       For the foregoing reasons, the government respectfully requests that the Court grant its

16   Motion in Limine and permit the admission of evidence of defendant's prior felony 1993

17   conviction for driving while under the influence and 2007 reckless driving conviction pursuant

18   to Fed. R. Evid. 404(b).

19   DATED: October 29, 2007

20                                              Respectfully submitted,

21                                              SCOTT N. SCHOOLS
                                               United States Attorney

22

23                                             /s/ Wendy Thomas
                                               WENDY THOMAS
24                                             Special Assistant United States Attorney

25   _____

26       [2] In fact, since most evidence has some prejudicial impact, merely prejudicial evidence
     alone does not result in exclusion under Rule 403.  *United States v. Von der Linden*, 561 F.2d
27   1340 (9th Cir. 1977) (per curiam) ("It is the hallmark of criminal prosecutions that relevant
     incriminating evidence prejudices a defendant."); *see United States v. Guyton*, 36 F.3d 655, 660
28   (7th Cir. 1994) ("It is axiomatic that all relevant evidence bearing on the guilt of the defendant is
     inherently prejudicial.").