HUGH ANTHONY LEVINE (CSBN 69857)
ADAM G. GASNER (CSBN 201234)
Law Chambers Building
345 Franklin Street
San Francisco, CA  94102
Telephone:    415-782-6000
Facsimile:     415-255-7264

Attorney for Defendant
WILLIAM H. SPIKER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>WILLIAM H. SPIKER,<br><br>          Defendant. | Case Number:  CR 07 – 00462 JCS<br><br>DEFENDANT'S PRETRIAL STATEMENT PER Crim. L.R. 17.1-1(b). |

  Pursuant to the Court's ORDER FOR PRETRIAL PREPARATION FOR CRIMINAL BENCH TRIAL, the defense submits the within pretrial statement pursuant to Crim L.R. 17.1-1(b).

  The defendant is charged by information with two counts related to alleged driving under the influence.

1. COUNT ONE:  36 C.F.R. § 1004.23(a)(1) – Operating a motor vehicle under the influence of alcohol.

2. COUNT TWO:  36 C.F.R. § 1004.23(a)(2) -  Operating a motor vehicle with a blood alcohol content at or over 0.08%.

The parties do not agree on any facts in this case.

Defendant disputes that he drove a vehicle while impaired by alcohol and that the defendant drove a vehicle with a blood alcohol content over the legal limit.

    3. <u>COUNT ONE</u>:  36 C.F.R. § 1004.23(a)(1) – Operating a motor vehicle under the influence of alcohol.  This charge requires the government prove the defendant drove a vehicle while impaired by alcohol such that he could not drive the vehicle with the same care and caution of a sober person under similar circumstances.

    4. <u>COUNT TWO</u>:  36 C.F.R. § 1004.23(a)(2) -  Operating a motor vehicle with a blood alcohol content over 0.08%.  This charge requires the government to prove that at the time the defendant was driving a vehicle his blood alcohol content was at or over the legal limit of 0.08%.

The defense does not agree or stipulate that the defendant's blood was drawn in a medically approved manner; that the person that drew the blood was medically trained to take blood samples; that the blood in the vial analyzed was that of the defendant; that the blood drawn was placed in a vial containing the appropriate medically approved preservative and anticoagulant; nor does the defense agree that the chain of custody of said sample was maintained intact.

                                          Respectfully Submitted,

Dated: October 30, 2007                   <u>/s/ Hugh Anthony Levine</u>
                                                      Attorney for Defendant