HUGH ANTHONY LEVINE (CSBN 69857)
ADAM G. GASNER (CSBN 201234)
Law Chambers Building
345 Franklin Street
San Francisco, CA  94102
Telephone:    415-782-6000
Facsimile:    415-255-7264

Attorney for Defendant
WILLIAM H. SPIKER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM H. SPIKER,<br><br>Defendant. | Case Number:  CR 07 – 0462 JCS<br><br>DEFENDANT'S OPPOSITION TO UNITED STATES' MOTION IN LIMINE TO ADMIT EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS <u>PURSUANT TO FED. R. EVID. 404(b)</u><br><br>Trial:   11-13-07<br>Time:  8:30 a.m.<br>Court: Hon. Joseph C. Spero |

### I.    INTRODUCTION:

The government is seeking to introduce two prior convictions of the defendant in order to attempt to show intent, identity and absence of mistake. Specifically, the government is seeking to admit defendant's prior DUI conviction from 1993 and defendant's prior reckless driving conviction from 2004. However, neither of these convictions evidences intent, identity or absence of mistake. These convictions are being offered to attempt to show the defendant has the propensity for drinking and driving and for reckless or poor driving. These prior convictions are not probative on the issue of the defendant's intent, his identity, or any absence of mistake and are properly excluded as inadmissible character evidence pursuant to Fed. R. Evid. 404(a).

### A. INTENT

Mr. Spiker is charged with operating a motor vehicle under the influence of alcohol, in violation of 36 C.F.R. § 1004.23(a)(1). This charge requires the government prove the defendant drove a vehicle while impaired by alcohol such that he could not drive the vehicle with the same care and caution of a sober person under similar circumstances. Mr. Spiker is additionally charged with operating a motor vehicle with a blood alcohol content over 0.08%, in violation of 36 C.F.R. § 1004.23(a)(2). This charge requires the government to prove that at the time the defendant was driving a vehicle his blood alcohol content was at or over the legal limit of 0.08%.

Neither of the charges against Mr. Spiker is for crimes where *intent* is an element or an issue in the case; they are both general intent crimes. It is, therefore, irrelevant what Mr. Spiker's intent or mental state was at the time he was driving. A prior conviction, wrong or bad act may only be admitted under Rule 404(b) if, *inter alia,* the prior conviction, wrong or bad act is offered to prove a material element of the charged offense. *United States v. Howell,* 231 F. $3^d$ 615, 628 (9th Cir. 2000).

Accordingly, both of the priors noticed by the government are properly excluded as evidence of the defendant's intent.

### B. IDENTITY

Mr. Spiker's record of prior conviction does not tend to prove his identity in this case. The identification of Mr. Spiker as the driver of the vehicle in this case will presumably be done by the arresting officers. There is nothing about the record of prior convictions that would aid any trier of fact in determining the identity of Mr. Spiker as the driver of vehicle in this case.

In order to be admitted for the purpose of showing identity, prior crimes, wrongs or acts must be sufficiently peculiar, unique or bizarre. *United States v. Ezzell*, 644 F. $2^d$ 1304 (9th Cir. 1981). There are no facts in the record of convictions that are sufficiently peculiar, unique or bizarre to warrant admission on the issue of identity.

### C. ABSENCE OF MISTAKE

As with intent, it is irrelevant whether there was an absence of mistake. Here, a mistake of fact with regard to the quality of Mr. Spiker's driving or a mistake of fact with regard to how much alcohol Mr. Spiker had consumed are not defenses to the charges in this case. It is therefore irrelevant and immaterial whether Mr. Spiker was acting under a mistaken belief regarding his driving or his consumption of alcohol.

This case is legally and factually different from the *Ortiz* case cited by the government in support of their proposition that mistake is relevant in this matter. *People v. Ortiz*, 109 Cal. App. 4th


104 (Cal. App 1.Dist. 2003.) In that case, the defendant was charged with second-degree murder. Therefore that defendant's mental state was at issue because the prosecution needed to prove the defendant acted in wanton disregard for the safety of others when he drove his car intoxicated.

In California a conviction of second-degree murder arising out of an automobile accident can be sustained "when the conduct in question can be characterized as a wanton disregard for life, and the facts demonstrate a subjective awareness of the risk created...." *People v. Watson* (1981) 30 Cal.3d 290, 298. The *Watson* court explained that implied malice murder is committed when a person does an act, the natural consequences of which are dangerous to life, which act was deliberately performed by a person who knows that his conduct endangers the life of another and who acts with conscious disregard for life. *People v. Watson* (1981) 30 Cal.3d 290, 298. "[A] finding of implied malice," Justice Richardson went on to write for the majority, "depends upon a determination that the defendant *actually appreciated* the risk involved, i.e., a *subjective* standard. *Watson*, at pp. 296-297. Therefore, that defendant's prior record for DUI and reckless driving was admitted into evidence to show the defendant's mental state because mental state was a material element of the prosecution's case. In this case, there is no such requirement for the government to prove a mental state.

Therefore, Mr. Spiker's prior convictions are not properly admitted on the issue of mistake of fact.

**II.     CONCLUSION**

Accordingly, the prior convictions sought to be introduced in the government's case-in-chief on the issue of the defendant's intend, identity and mistake of fact are properly excluded.

Dated: November 6, 2007

                                        Respectfully submitted,


                                        s/s
                                         HUGH ANTHONY LEVINE
                                        Attorney for Defendant

**USA V. SPIKER, CR 07-00462 JCS**
**DEFENDANT'S OPPOSITION TO UNITED STATES' MOTION IN LIMINE**