a full-time painter.  He also has housing in the Presidio which is conditioned upon his employment.  If incarcerated, he would lose both his employment <u>and</u> his housing.  However, were he confined to the community - either in a half-way house or on home detention – he would be able to keep both his employment and housing.

Mr. Spiker has maintained his sobriety since the evening of this offense, October 26, 2006 – almost a year and a half.  It would present an unusual hardship for him to be sentenced in a way that would result in his being unemployed and homeless upon his release, when there are alternative sentencing structures available.

Accordingly, the defense requests a sentence that may be served either in home-detention or in half-way house.

Dated:  February 11, 2008              Respectfully submitted,

                                       s/s_____
                                       ADAM G. GASNER
                                       Attorney for William Spiker

different statutes even though the defendant committed only one act (unless one offense was necessarily included within the other)—it only prevents the defendant from being *punished* for each of these offenses. *People v. Hicks,* 63 Ca1.2d 764 (1965). Thus, a single act by the defendant can result in separate convictions for violating separate statutes—but the defendant can only be punished for one of the offenses.

In particular, § 654 applies to driving-under-the-influence cases. The Court of Appeals considered the issue in *People v. Duarte,* 161 Cal.App.3d 438 (1984). The court found § 654 prohibited punishment on both counts, then addressed the proper procedure to be followed by sentencing judges where dual convictions are obtained:

> [¶] In this case the sentencing court could have resolved this issue (without leaving it for another court) simply by adding an order staying the *use* of one conviction for penal and administrative purposes. If probation has been found appropriate, the conviction record could have been clarified and settled by issuing an order that use of one of the two prior convictions for penal and administrative purposes be stayed pending satisfactory completion of probation, the stay to become permanent upon that event, or later service of sentence if probation is revoked and sentence imposed." *Id.* at p. 448.

This procedure of staying punishment on one of the two counts has subsequently been followed by other courts. *See, e.g.*, *People v. Conner,* 176 Cal.App.3d 716 (1986).

Accordingly, in order for Mr. Spiker to be subjected here to the "like punishment" that he would receive in State court, he can receive no more than six months.

II.   The Defense Requests That Mr. Spiker Be Allowed To Serve His Sentence On Home Detention Or Confined In The Community.

As the Probation Officer's Report indicates, Mr. Spiker is employed by the Presidio Trust as

-3-

I. <u>The Maximum Sentence In This Case Is Six Months.</u>

Preliminarily, apparently there is an issue with regard to the maximum sentence in this case, because the *Presentence Investigation Report* recommends a sentence of 10 months, whereas we contend such a sentence would be unlawful because under California law the maximum sentence Mr. Spiker would face for a conviction of these crimes is six months. Under the *Assimilative Crimes Act* (ACA), persons who commit crimes incorporated into federal law by virtue of the Act's provisions are "subject to a like punishment" to that imposed by the state for the same crime. *U.S. v. Snyder* (9th Cir. 1988) 852 F.2d 471, 474; 18 USCA § 13(a).[1]

California statutes prescribe the penalty for driving under the influence and driving with a blood alcohol level at or over .08% in *California Vehicle Code* §§ 23536 and 23538. Therein, under subsections (a) and (a)(1) respectively, the sentence shall be for not more than "six months."

Additionally under California law the substantive sentencing structure precludes multiple punishments in the same prosecution for crimes that arise out of the same act. Specifically, *California Penal Code* § 654 provides in relevant part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one...."

*Penal Code* § 654 bars multiple punishment, if not conviction, on different offenses arising out of the same act in the *same* prosecution. *People v. Smith,* 155 Cal.App.3d 1103 (1984). This statutory bar against multiple punishments must also be distinguished from the concept of multiple *convictions.* Simply, § 654 does not prevent a defendant from being *convicted* of violating

---

[1] 18 USCA § 13(a) states "Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment"

HUGH ANTHONY LEVINE (CSBN 69857)
ADAM G. GASNER (CSBN 201234)
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102
Telephone:    415-782-6000
Facsimile:    415-255-7264

Attorneys for Defendant
WILLIAM H. SPIKER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>WILLIAM H. SPIKER,<br><br>        Defendant. | Case Number:  CR 07 – 00462 JCS<br><br>DEFENDANT'S SENTENCING <u>MEMORANDUM</u><br><br>Date:  March 5, 2008<br>Time:  10:30 a.m. |

Defendant submits this sentencing memorandum to clarify that the maximum exposure in this case is six months in custody and to request that Mr. Spiker be sentenced either a half-way house or home detention.

After a bench trial held on November 19, 2007, William Spiker was convicted of violating 36 C.F.R. § 1004.23(a)(1) [Operating a motor vehicle under the influence of alcohol] and 36 C.F.R. § 1004.23(a)(2)) [Operating a motor vehicle with a blood alcohol content at or over 0.08%]. Each charge is a Class B misdemeanor. Mr. Spiker did not testify in the trial.