JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102
    Telephone: (415) 436-6809
    Fax: (415) 436-7234
    Email: wendy.thomas@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 07-0462 MAG |
|---|---|---|
|     Plaintiff, | ) | |
| | ) | **UNITED STATES' SENTENCING** |
| v. | ) | **MEMORANDUM** |
| | ) | |
| WILLIAM H. SPIKER, | ) | Hearing: March 5, 2008 |
| | ) | Time: 10:30 a.m. |
|     Defendant. | ) | Courtroom: Courtroom A, 15th Floor |
| | ) | Hon. Joseph C. Spero |

## I. INTRODUCTION

On July 19, 2007, a two-count Information was filed in the Northern District of California charging the defendant, William H. Spiker ("Spiker" or "the defendant"), with one count of 36 C.F.R. § 1004.23(a)(1) - Operating a Motor Vehicle Under the Influence of Alcohol, and one count of 36 C.F.R. § 1004.23(a)(2) - Operating a Vehicle with a Blood Alcohol Content of 0.08% or More. On November 13, 2007, defendant was found guilty on both counts by the Court in a bench trial before the Honorable Joseph C. Spero. Originally this Court set judgment and sentencing for February 15, 2008, at 1:30 p.m. It was thereafter continued to March 5, 2008, at 10:30 a.m. The government submits the following sentencing memorandum to advise the

U.S. SENTENCING MEMORANDUM
CR 07-0462 JCS

1  Court of any objections the government has to the presentence report ("PSR") and the
2  government's sentencing recommendation.

## II.  SUMMARY OF FACTS

On October 26, 2006, at approximately 1:43 a.m., U.S. Park Police ("USPP") Officer Mike Griffin ("Officer Griffin") observed a green Jeep Cherokee traveling northbound on Presidio Boulevard in San Francisco. Officer Griffin witnessed the vehicle swerve through an intersection, coming in close proximity to a parked vehicle before it made a correction and continued down the road. Officer Griffin subsequently alerted other Park Police units of the Jeep's erratic driving and possible destination. Shortly after the broadcast, Officer Ari Wong ("Officer Wong") observed the vehicle pass their unit at a high rate of speed.

As Officer Wong pursued the vehicle, the Jeep parked on the sidewalk in front of 1028 Girard Road in San Francisco. Officer Wong stopped Spiker after he got out of the vehicle. Upon making contact with the defendant, Officer Wong detected a strong odor of alcohol emanating from the vehicle as well as Spiker. When questioned as to his alcohol consumption, Spiker informed the officer that he had imbibed three beers, four hours prior. The defendant subsequently changed his estimation of alcohol consumption to eight or nine beers over an unknown period of time. When asked if he had taken any medication, Spiker answered affirmatively, and that he was under doctor's care for a pinched nerve in his neck. Spiker stated he was taking Percodan for pain, but could not provide the time of his last dose.

While being questioned by Officer Wong, Spiker consistently slurred his speech. USPP officers also found a half empty Miller Lite Beer bottle on the vehicle's floorboard, and two twenty count packs of Miller Lite bottled beer in the rear of the vehicle. One of the twenty count packs was missing four beer bottles. The officer also found a receipt in the car that indicated the beer had been purchased approximately one hour before Spiker was stopped.

Officer Jason Collins ("Officer Collins") responded to the scene and administered Standardized Field Sobriety Tests to Spiker. The officer directed the defendant to a well lit, flat, dry sidewalk and conducted three Standardized Field Sobriety Tests. Based on Spiker's objective signs of intoxication, his statements to the officers, and his performance of the field

U.S. SENTENCING MEMORANDUM
CR 07-0462 JCS                                2

sobriety tests, he was arrested. The defendant was transported to the San Francisco County Jail for blood testing. The defendant's blood was collected at approximately 3:35 a.m., which revealed an ethanol level of .11%.

### III. ARGUMENT

**A. Factors to Consider in Imposing a Sentence.**

As the crime in this case is a Class B Misdemeanor, the Sentencing Guidelines do not apply. U.S.S.G. § 1B1.9. Though the Court does not have to consider the Sentencing Guidelines, the Court still must consider the following factors under 18 U.S.C. § 3553(a):

1. "the nature and circumstances of the offense and the history and characteristics of the defendant";
2. "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; to deter; "to protect the public . . ."; and to provide rehabilitation;
3. "the kinds of sentences available";
4. "the need to avoid unwarranted sentence disparities among defendants . . .";
5. "the need to provide restitution to any victims of the offense."

The United States Probation Office has recommended a sentence of three years probation with ten months in custody to be served as a condition of probation, a $1,000 fine, and a $20 special assessment fee. The government concurs with the sentencing recommendation for the following reasons:

1. "The nature and circumstances of the offense and the history and the characteristics of the defendant"

The defendant has a criminal history spanning nearly 30 years including two felony and six misdemeanor convictions. Spiker has one felony conviction (PSR ¶ 21), and three misdemeanor convictions (PSR ¶¶ 18-20) for Driving While Under the Influence of Alcohol or Drugs. Additionally the defendant has a very recent conviction for reckless driving (PSR ¶ 22). This is Spiker's fifth conviction for Driving Under the Influence ("DUI"). In light of his lengthy criminal history and recidivism as it relates to driving under the influence, the government

concurs with the recommended sentence.

Additionally, the presentence report does not indicate any factors which would mitigate against a harsh sentence or excuse the defendant's conduct (PSR ¶ 29-36). The defendant had a "happy childhood" with his parents and "praised their nurturing qualities" (PSR ¶ 31). The defendant denies any mental or emotional problems such as depression (PSR ¶ 34) and has denied a dependancy problem associated with alcohol (PSR ¶ 35). Because there are no mitigating circumstances or conditions which would explain the defendants recidivist behavior, the government agrees with U.S. Probation's recommended sentence.

Even though the United States Sentencing Guidelines ("U.S.S.G.") do not apply to this case, and therefore the defendant is not entitled to a reduction in sentence for acceptance of responsibility, the government objects to the U.S. Probation Officer's characterization of the defendant's statement to the U.S. Probation Officer as 'acceptance of responsibility.' The defendant should not receive leniency in his sentence for acceptance of responsibility. This is not a situation where the defendant accepted responsibility for his actions and pled guilty. Spiker was found guilty after trial by this Court. The Probation Officer's recommendation states the defendant 'accepted responsibility for commission of the instant offense' both verbally on December 10, 2007, and in a written statement (PSR ¶ 13). The fact that these statements took place nearly a month after the defendant was convicted at trial undermines the sincerity of the acceptance. An admission of guilt after conviction at trial is less an acceptance of responsibility and more a statement of fact. While the government acknowledges that the defendant has joined an alcohol support group, and has recognized the illegality of his conduct, this can hardly be taken as 'acceptance of responsibility' by the Court. His acceptance, if sincere, is delinquent, arriving as it does after the Court found him guilty of his fifth DUI.

2. <u>"The need for the sentence imposed . . . to promote respect for the law[] and to provide punishment for the offense"; to deter; "to protect the public . . ."; and to provide rehabilitation"</u>

As this is the defendant's fifth DUI, a sentence that includes a period in custody is appropriate. Spiker's last DUI (his fourth) resulted in a felony conviction and two years in state prison. This is a serious offense and one that the defendant should have learned not to commit

years ago.  Spiker is "fortunate that he has not ended one of his intoxicated escapades facing a sentence for manslaughter or second degree murder."  United States v. Gibson, 896 F.2d 206 (6th Cir. 1990)(the decision to impose consecutive sentences was not an abuse of discretion where defendant had been convicted nine times for driving under the influence of alcohol).  Thus to promote respect for the law, to provide punishment for the offense, and to deter the defendant from a sixth DUI conviction, a sentence with custody should be imposed.

Additionally, in order to provide rehabilitation to the defendant, it would be in his best interests to have a period of probation following his release.  A sentence of custody served as a condition of probation will allow the Court to monitor the defendant and make sure that he gets help and participates in programs which assist his rehabilitation.  For these reasons the government supports the recommended sentence.

      3.     "The kinds of sentences available"

The government agrees with the United States Probation Officer's assessment that the maximum term of imprisonment allowable is six months per count and the maximum period of probation allowable is five years per count.  36 C.F.R. § 1001.3; 18 U.S.C. § 3561(c)(2).  Under U.S.S.G. § 1B1.9, the sentencing guidelines do not apply to Class B and C misdemeanors.

          i.     Federal law applies to this case.

In the defendant's sentencing memorandum, defense counsel argues that under the Assimilative Crimes Act ("ACA") and California law the maximum sentence the Court is able to impose in this case is six months.  Defense counsel is mistaken for several reasons.  California Vehicle Code § 23152 is California's driving under the influence statute, and under California Vehicle Code § 23536 the maximum period of imprisonment for a *first* conviction under Cal. Veh. Code § 23152  is six months.[1]  Thus, had this case been charged under California law and assimilated under the ACA then defendant's argument *might* have merit.  However, since the defendant was charged under the Code of Federal Regulations for each count, federal law applies

---

[1] The government notes that the State of California has very different penalties for individuals with prior DUI convictions.  California Vehicle Code Sections 23540, 23546, and 23550 set forth the penalties for a second, third and fourth DUI conviction, respectively.

U.S. SENTENCING MEMORANDUM
CR 07-0462 JCS                                     5

to this case.  Under federal law each count of the Information carries with it a penalty of six months in prison, a $5,000 fine, and five years probation.

        ii.        The Court may impose custody as a condition of probation.

Title 18 of the United States Code Section 3563 provides that the Court may impose a variety of conditions of probation.  One condition of probation that the Court may impose is that the defendant "remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation.."  18 U.S.C. § 3563(b)(10).  Here the recommended sentence of ten months in custody as a condition of probation is less than one year and less than the term authorized by the offense, which is twelve months.

The government is obligated to bring to the Court's attention, however, the potential obstacle of imposing custody as a condition of probation in the event the Bureau of Prisons or the Probation Office requires confinement be intermittent.  In <u>United States v. Mize</u> and <u>United States v. Anderson</u> the courts interpreted 18 U.S.C. § 3563(b)(10) to require that any term of custody imposed as a condition of probation under this statute be intermittent confinement and could not be a "straight" imprisonment.  <u>U.S. v. Anderson</u>, 787 F.Supp 537, 538 (D.Md. 1992); <u>U.S. v. Mize</u>, 1998 WL 160862, (D.Kan 1998)(*unpublished opinion*).  In the event the Court adopts the interpretation of the statute promulgated by the <u>Mize</u> and <u>Anderson</u> courts, it is unlikely that the Court could follow the recommended sentence since it is hard to imagine how the defendant could serve 10 months custody intermittently during the first 12 months of his probation.

Should the Court opt not to follow or finds itself precluded from following the sentence as recommended in the presentence report, there are numerous appropriate sentences the court could impose in the alternative.  First, the Court can impose a sentence of up to 12 months in custody.  Since it is the defendant's fifth conviction for driving under the influence, the defendant should face some period of time in custody.  Defense counsel asserts that if the defendant is incarcerated, he will be fired and lose his housing.  Defense proffers no evidence in

support of these assertions. Since the defendant has the ability to pay rent while in prison, it is unclear whether he would lose his housing. These claims were not discussed in the PSR, and without supplemental evidence that custody would inevitably result in Spiker's eviction, the Court should not be dissuaded from imposing a sentence of custody for this reason.

Second, the Court could impose a more onerous fine on the defendant. As B Misdemeanors each of these counts carries a maximum fine of $5,000. 18 U.S.C. § 3571(b)(6). Thus the maximum fine the defendant faces is $10,000. The U.S. Probation Officer has recommended a fine of $1,000. Conjoined with the period of recommended custody and probation, this fine is adequate. However, in the event the Court does not include a probation condition, the Court should increase the fine to recognize the seriousness of this offense. Spiker's gross monthly income is $4,610 (PSR ¶ 37), and his net worth is the considerable sum of $412,677.44 (PSR ¶ 39). Spiker's monthly cash flow is almost $2,000 (PSR ¶ 39). The defendant could easily afford a larger fine. A $1,000 fine does not reflect the seriousness of the defendant's conduct, especially if the court finds it cannot impose a period of probation following his custody.

Third, the court has many other conditions of probation it may impose under 18 U.S.C. § 3563(b). These include intermittent incarceration under (b)(10); time in a "halfway house" under (b)(11); or medical treatment for alcohol dependency under (b)(9). While these are possible alternatives, the government thinks a term of imprisonment is optimal.

      iii.    The Court may impose consecutive sentences.

Imposition of consecutive sentences for misdemeanors which total over six months in custody following conviction at bench trial is constitutional. The Sixth Amendment guarantees a right to jury trial for serious offenses. However, there are "petty crimes or offenses. . .not subject to the Sixth Amendment jury trial provision." Lewis v. United States, 518 U.S. 322, 328 (1996)(citing Duncan v. Louisiana, 391 U.S. 145, 159 (1968)). An offense which carries a maximum prison term of six months or less indicates that such an offense is "petty." Id. When the legislature determines an offense is "petty," the maximum authorized penalty is the "indication that is used to determine whether a jury trial is required", not the potential prison term. Id. In Lewis, the court held that these rules apply even where a defendant has been

convicted of multiple counts of misdemeanors and face a potential prison term of over 6 months. Id. Here, since the statutory maximum for each of these counts is six months, they are both determined by the legislature to be "petty" offenses. Therefore, there is no right to jury trial even if the maximum sentence given for each count is to be served consecutively. Moreover, U.S. Sentencing Commission Guidelines Manual, § 1B1.9 application note 2 states explicitly that sentences for Class B and C misdemeanors may be imposed either consecutively or concurrently with sentences for other counts.

The government supports the recommended sentence because it recognizes both that the defendant should serve time in custody and that the defendant will benefit from a period of supervision by the Court. If Spiker is only sentenced to time in custody then the court will not be able to monitor the defendant's behavior. However, a sentence of straight probation does not acknowledge the severity of a fifth conviction for Driving Under the Influence.

### IV.  CONCLUSION

The defendant is 54 years old. He was raised in a two parent, "traditional" household and alleges no history of abuse. Yet he has repeatedly engaged in the high risk behavior of driving under the influence. The government's conclusion, based on all the factors enumerated in 18 U.S.C. § 3553(a), is that the sentence in this case should include a period of custody, a substantial fine, and if possible a period of probation. If the Court finds probation is possible the government concurs with the presentence report's proposed probation conditions including the ten months in custody, monetary fine, abstinence from alcohol, participation in a program of testing and treatment for alcohol abuse, no possession of firearms, and no operation of a motor vehicle with any measurable amount of alcohol in the blood.

DATED:   2/26/2008                                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


_____/s/_____
WENDY THOMAS
Special Assistant United States Attorney

U.S. SENTENCING MEMORANDUM
CR 07-0462 JCS                                      8